**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARK ANDRES GREEN,

      Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent - Appellee.

No. 14-9002
(T.C. No. 3931-12 L)
(United States Tax Court)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Mark Andres Green, proceeding pro se, petitions for review of a Tax Court

decision granting summary judgment to the Commissioner in this action challenging

the imposition of a federal tax lien on his property for a deficiency arising out of the

2010 tax year. We summarily affirm the decision of the Tax Court.

Green filed a joint return with his wife for the 2010 tax year specifying an

amount due of $34,828. After applying a $728 credit and assessing interest and a

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

penalty totaling $509.57, the Commissioner sent the Greens a notice of balance due and demand for payment. When they failed to pay, a lien arose in favor of the United States and attached to their property under 26 U.S.C. § 6321. The Commissioner filed a notice of tax lien with the county clerk and then issued a notice of federal tax lien filing to the Greens, informing them of their right to a collection due process (CDP) hearing, which they timely requested. Before the hearing, the settlement officer told the Greens that if they intended to challenge the tax liability reported on their 2010 return, they should file an amended return. The settlement officer also requested the Greens provide information regarding any estimated tax payments for current tax year liabilities and a plan regarding payment of their 2010 tax liability. The Greens provided neither an amended return nor the requested information.

Following the CDP hearing, the settlement officer verified that the Commissioner had followed all required procedures: an assessment based on the Greens' return, notice and demand for payment of the assessed amount, and notice of tax lien filing after nonpayment of the assessment. Although Green had objected to the assessment, the settlement officer found his objection groundless because the assessment was based on Green's own tax return and Green failed to file an amended tax return showing error in the original. Green had also inaptly complained of a levy on his retirement account based on deficiencies from prior tax years, which the settlement officer explained was irrelevant to the validity of the 2010 lien.

Green sought review of the settlement officer's decision in the Tax Court, objecting to both the tax liability assessment and the settlement officer's verification

2

of procedural regularity regarding imposition of the resulting lien. The Tax Court

rejected the former objection as unsubstantiated:

> A taxpayer [does] not properly raise an underlying tax liability if the taxpayer failed to present the settlement officer with any evidence regarding the liability after being given a reasonable amount of time to do so. During the CDP hearing, [Green] disagreed with the assessment. When [the settlement officer] invited [him] to file an amended 2010 return, he did not. Indeed [he] has yet to file an amended return reporting and substantiating a change from his self-reported return. Thus, while [he] was entitled to challenge the underlying tax liability, he failed to do so.

R. doc. 25, at 4-5 (citations and internal quotation marks omitted). As for the

regularity of the procedures culminating in the 2010 lien, the Tax Court recounted the

proper assessment, notice and demand for payment, notice of tax lien filing, and CDP

hearing afforded Green. *Id.* at 6-7. The Tax Court further explained that "[a]lthough

[Green] claimed a desire to file an offer in compromise on the basis of doubt as to

collectability, he failed to submit requested financial information" and therefore "it

was not an abuse of discretion for [the settlement officer] to sustain the [notice of

lien filing] when no collection alternatives or financial information were offered."

*Id.* at 7. Finally, the Tax Court noted that Green "asserts various unintelligible and

nonsensical positions and cites irrelevant legal authorities or erroneous legal

arguments that are commonly raised by those seeking to protest Federal tax laws in

general" and concluded that he had failed to demonstrate a genuine issue of material

fact calling into question the procedural or substantive bases for the lien at issue. *Id.*

On appeal, Green fails to demonstrate any error in the Tax Court's decision.

His briefing is devoted to attacking assessment and collection activities for tax

3

liabilities not at issue here,[1] and to advancing meritless tax-protestor positions of the sort alluded to by the Tax Court.

      The decision of the Tax Court is affirmed.

                                        Entered for the Court


                                        Nancy L. Moritz
                                        Circuit Judge

---

[1] His overriding objection concerns the failure to follow requirements for preparing a substitute return for a non-filing taxpayer under 26 U.S.C. § 6020. But for the 2010 tax year at issue, the Commissioner's reliance on Green's own tax return, pursuant to *id.* § 6201(a)(1), obviated the need to prepare a substitute return.